IN RE: WILLIAM G.

[No. 1418, September Term, 1981.]

*Decided July 12, 1982.*

The cause was submitted on briefs to MOYLAN, MASON and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender, and Gary W. Christopher, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Adriana V. Klich, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Michael*

*Garn, Assistant State's Attorney for Baltimore City,* for appellee.

MASON, J., delivered the opinion of the Court.

In this case we are asked to decide whether the Maryland Cruelty to Animals Statute is unconstitutionally vague. Article 27, sections 59 and 62 of the Maryland Code (1982 Repl. Vol.) in relevant part provide:

> Section 59.
>
> Any person who (1) overdrives, overloads, deprives of necessary sustenance, tortures, torments, cruelly beats, mutilates or cruelly kills; or (2) causes, procures or authorizes these acts; or (3) having the charge or custody of an animal, either as owner or otherwise, inflicts unnecessary suffering or pain upon the animal, or unnecessarily fails to provide the animal with nutritious food in sufficient quantity, necessary veterinary care, proper drink, air, space, shelter or protection from the weather, is guilty of a misdemeanor and shall be punishable by a fine not exceeding $1,000 or by imprisonment not to exceed 90 days, or both.

> Section 62.
>
> The words 'torture,' 'torment', and 'cruelty' mean every act, omission, or neglect whereby unnecessary or unjustifiable physical pain or suffering is caused or permitted, and the word 'animal' means every living creature except man.

Appellant, William G., was found delinquent by the Juvenile Judge of the Circuit Court of Baltimore City — Division for Juvenile Causes for violating the cruelty to animals statute and was placed in a residential treatment center.

The evidence adduced at the adjudicatory hearing disclosed that on 12 March 1981 a male dog belonging to appellant attempted to mate with a female dog owned by a neighbor. When the efforts of the male dog were apparently

repulsed by the female dog, appellant kicked the female dog and threatened to kill her. Later, appellant poured turpentine on the female dog and lit the turpentine with a match causing the dog to catch fire. An officer called to the scene observed the dog in pain and "going around in circles." Because of the burning, the dog had to be destroyed.

Appellant argues that the cruelty to animals statute is so vague and indefinite as to violate the due process clause of the Fourteenth Amendment of the Federal Constitution. That "its terms are so vague that a person of ordinary intelligence would be forced to guess as to the scope of the proscribed activity, and it fails to provide even the barest standard for enforcement." He asserts that the statute "on its face would appear to proscribe such common activities as the swatting of flies, the steaming of live crabs, using live minnows to bait hooks or shucking fresh oysters."

It is a basic principle of due process that a criminal statute must state with reasonable clarity the acts it proscribes. In *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926) the Supreme Court observed:

> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

*Accord Bowers v. State,* 283 Md. 115 (1978), and *In re: Leroy T.,* 285 Md. 508 (1979); *see also Grayned v. City of Rockford,* 408 U.S. 104, 109 (1972) where the standards for evaluating vagueness were enunciated.

> Vague laws offend several important values. First, because we assume that man is free to steer

between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications. (Footnotes omitted).

Appellant here challenges the constitutionality of the statute principally on grounds of "facial vagueness." In *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 102 S. Ct. 888 (1982), the Supreme Court held that when a statute is challenged on facial vagueness grounds and no constitutionally protected conduct is implicated such as the right of free speech or association under the First Amendment, the challenge can only succeed if it is demonstrated that the law is impermissibly vague in all of its applications. Moreover, the person challenging the statute "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." In other words, "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756 (1974). Likewise, in *Bowers v. State, supra,* the Court of Appeals commented at 283 Md. 122:

As a general rule, the constitutionality of a statutory provision under attack on void-for-vagueness grounds must be determined strictly on the basis of the statute's application to the particular facts at hand. Thus, it will usually be immaterial that the statute is of questionable applicability in foreseeable marginal situations, if a contested provision clearly applies to the conduct of the defendant in a specific case. (Citations omitted).

Thus, the issue is not whether the hypothetical cases alluded to by appellant are covered by the statute, but whether the conduct of appellant is proscribed by the statute. Although cruelty to animals apparently was not a crime at common law, today most jurisdictions have statutes making the mistreatment of animals a punishable offense. See 4 Am. Jur. 2d, Section 27, *Cruelty to Animals,* and annotation: *Cruelty to Animals,* 82 A.L.R.2d 797, et seq. The question as to what specific act comes within the scope of the law depends on the language of the statute. Section 59 provides, among other things, that any person who tortures, torments, cruelly beats, mutilates or cruelly kills an animal is guilty of a misdemeanor. Section 62 defines the words "torture", "torment" and "cruelty" to mean every act, whereby unnecessary or unjustifiable physical pain or suffering is caused or permitted, and the word "animal" means every living creature except man. Applying appellant's conduct to the statute, we do not think that any person of ordinary intelligence would differ in concluding that a dog is an animal under the statute and that the burning of a dog to the extent that he had to be destroyed constitutes torture, torment and cruelty as defined by the statute.

Therefore, because appellant's conduct falls within the prohibitions of the Cruelty to Animals statute, he has no standing to assert that the statute may be vague, indefinite or uncertain as applied to others in situations not before us.

For the reasons herein stated, we affirm.

*Judgment affirmed.*
*Costs to be paid by appellant.*